UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

JHONNY VERA and RICARDO BAUTISTA, on behalf of themselves and all others similarly situated,

    Plaintiffs,

v.

HOMEDELIVERYLINK, INC.,

    Defendant.

No. 1: 23-cv-14278

## CLASS ACTION COMPLAINT

### INTRODUCTION

1. Plaintiffs Jhonny Vera and Ricardo Bautista bring this lawsuit against Defendant HomeDeliveryLink, Inc. ("HDL") under the Illinois Wage Payment and Collection Act ("IWPCA"), 820 Ill. Comp. Stat. 115/1 *et seq.* As set out below, Plaintiffs worked for HDL as delivery drivers. Although HDL classified Plaintiffs as independent contractors, they were, in fact, employees of HDL for purposes of the IWPCA.

2. Plaintiffs bring this case as a class action under Fed. R. Civ. P. 23 on behalf of all individuals who contracted to provide delivery services for HDL as delivery drivers in Illinois, and who personally provided delivery services to HDL, who have either been classified as independent contractors or have not been paid or treated as employees during the relevant statutory period.

3. Plaintiffs allege that as a result of HDL's policies, illegal deductions were made from their wages in violation of the IWPCA, 820 Ill. Comp. Stat. 115/9. Plaintiffs also contend that

Defendants unlawfully required them and others similarly situated to incur expenses that should have properly been borne by Defendants in violation of 820 Ill. Comp. Stat. 115/9.5.

## PARTIES

4. Defendant HomeDeliveryLink, Inc. ("HDL") is a California corporation with its headquarters at 32236 Paseo Adelanto, San Juan Capistrano, California 92675.

5. Plaintiff Jhonny Vera worked for HDL in Illinois between March 2020 and December 2022, delivering furniture and appliances for HDL's clients, including Ashley Furniture.

6. Plaintiff Ricardo Bautista has worked for HDL in Illinois between approximately 2021 and the present, delivering furniture and appliances for HDL's clients, including Ashley Furniture.

## JURISDICTION AND VENUE

7. The Court has personal jurisdiction over the Parties. Plaintiffs are citizens of the state of Illinois and/or worked for HDL in the state of Illinois. HDL does business in the state of Illinois and its conduct in the state of Illinois underlies all of the claims in this suit.

8. The Court has subject matter jurisdiction under 28 U.S.C. § 1331 pursuant to the Class Action Fairness Act ("CAFA"). See 28 U.S.C. § 1332(d). Taken individually, Plaintiffs' claims exceed $75,000 and Plaintiffs' class claims in total exceeded $5 million.

9. This Court further has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, since there is diversity between the Parties and since the amount in controversy exceeds $75,000.

## FACTS

10. HDL is in the business of providing delivery of retail merchandise for its customers. HDL provides deliveries for companies such as Ashley Furniture, Bloomingdale's, and Bob's Discount Furniture. To carry out this central function, HDL purports to contract with

individuals such as Plaintiffs to drive a delivery truck and to deliver merchandise to customers' homes.

11. During the past ten years, dozens of individuals have contracted to perform delivery and other transportation related services for HDL in the State of Illinois. These individuals are referred to herein as "Illinois Drivers".

12. HDL required Plaintiffs and other Illinois Drivers to sign independent contractor agreements in order to work for HDL.

13. Plaintiffs and other Illinois Drivers are not free from HDL's control and direction in performing their work.

14. Although HDL classified Plaintiffs, as well as the other Illinois Drivers, as independent contractors, the control manifested over the Illinois Drivers by HDL demonstrates that they are Defendant's "employees" under the IWPCA. The following facts support this claim:

   a. Plaintiffs, as well as other Illinois Drivers, are required to make deliveries for HDL six days a week.

   b. Plaintiffs, as well as other Illinois Drivers, receive daily manifest listing their assigned deliveries for the day, the order in which the deliveries must be made, and time windows for each delivery.

   c. Plaintiffs, as well as other Illinois Drivers, are required to attend meetings where they receive instruction on aspects of deliveries such as how to assemble merchandise/equipment and how to interact with customers.

   d. Plaintiffs, as well as other Illinois Drivers, are instructed to load the merchandise to be delivered onto their trucks in a specific order.

   e. Plaintiffs, as well as other Illinois Drivers, are required by HDL to log the

completion of each delivery throughout the day on a cellphone application.

f. Plaintiffs, as well as other Illinois Drivers, are required to wear uniforms consisting of a logo shirt, black pants and black boots when making deliveries for HDL.

g. Plaintiffs, as well as other Illinois Drivers, are required to carry a cell phone so that they may receive calls from HDL. HDL contacts Plaintiffs during the day with instructions related to cancellations and rescheduling of deliveries.

h. Plaintiffs, as well as other Illinois Drivers, are required to be in contact with HDL dispatchers regarding the status of deliveries, including whenever there was a problem with a delivery.

i. Plaintiffs, as well as other Illinois Drivers, are not permitted to use helpers to make deliveries unless those helpers have passed background checks conducted by an agent of HDL.

j. HDL retains the right to terminate any of the delivery drivers' helpers.

k. Plaintiffs, as well as the other Illinois Drivers, are not permitted to solicit HDL customers or clients, directly or indirectly, for a period of one year after termination of the driver's contract with HDL.

15. HDL requires delivery drivers with which it contracts to have or lease a truck that meets specifications determined by HDL.

16. HDL keeps track of Plaintiffs' and Illinois Drivers' performance through customer ratings and can suspend Plaintiffs if their rating drops below a certain level.

17. HDL also requires delivery drivers with which it contracts to obtain insurance, including automobile liability, commercial general liability, umbrella liability, cargo, and worker's compensation coverage, at levels dictated by HDL.

18. HDL retains the right to terminate the contract with its delivery drivers without cause.

19. Plaintiffs and the other Illinois Drivers generally are paid on a job-rate basis whereby they receive for each delivery a fixed amount of money paid by HDL.

20. Plaintiffs, as well as the other Illinois Drivers, performed or perform work which is in the usual course of business of HDL – i.e., they perform delivery services and HDL is in the business of providing delivery services for retail companies to those companies' customers. For example, HDL provides delivery services of Ashley Furniture's merchandise to Ashley Furniture's customers.

21. Plaintiffs, as well as the other Illinois Drivers, do not operate independently established trades or businesses because they are entirely dependent upon HDL for their work, they do not negotiate with HDL's customers regarding the rates charged for their services, and they do not contact delivery customers independent of HDL.

22. HDL deducts certain expenses directly from the compensation it pays to Plaintiffs and Illinois drivers, including when HDL determines, in its sole discretion, that a delivery has been made in a manner it deems to be unsatisfactory (e.g., damaged goods, damage to customer property). HDL will deduct the costs of such damage from delivery drivers' paychecks.

23. HDL also requires drivers to incur certain expenses in the course of their work, including the costs of insurance and fuel, which should properly be borne by HDL. These expenses amount to thousands of dollars each month.

**CLASS ALLEGATIONS**

24. Plaintiffs bring this action on behalf of the following class of similarly situated individuals:

    all other persons who contracted to provide delivery services for HDL as delivery drivers in Illinois, and who personally provided delivery services to HDL, who have either been classified as independent contractors or have not been paid or treated as employees during the relevant statutory period.

25. The members of the class are so numerous that joinder of all members of the Class is impracticable. Plaintiffs believe that the Class numbers in the dozens.

26. Common issues of law and fact predominate the claims of the entire Plaintiff Class. Specifically, all claims are predicated on a finding that HDL misclassified its delivery drivers as independent contractors when they were in fact employees. In short, the claims of the named Plaintiffs are identical to the claims of the class members.

27. The named Plaintiffs are adequate representatives of the class because all potential plaintiffs were subject to HDL's uniform practices and policies. Further, the named Plaintiffs and the potential class plaintiffs have suffered the same type of economic damages as a result of HDL's practices and policies.

28. Plaintiffs will fairly and adequately represent and protect the interests of the Class. Plaintiffs' counsel is competent and experienced in litigating large wage and hour class and collective actions.

29. Finally, a class action is the only realistic method available for the fair and efficient adjudication of this controversy. The expense and burden of individual litigation makes it impractical for members of the Class to seek redress individually for the wrongful conduct alleged herein. Were each individual member required to bring a separate lawsuit, the resulting multiplicity of proceedings would cause undue hardship and expense for the

6

litigants and the Court and create the risk of inconsistent rulings which would be contrary to the interest of justice and equity.

## COUNT I
## ILLINOIS WAGE PAYMENT AND COLLECTION ACT - DEDUCTIONS

30. Plaintiffs re-allege and incorporate by reference all previous paragraphs of this Complaint as if fully rewritten herein.

31. At all relevant times, Plaintiffs and the proposed class members were "employees" of HDL as defined by the IWPCA.

32. At all relevant times, HDL was an employer of Plaintiffs and the proposed class as defined by the IWPCA.

33. The IWPCA, 820 Ill. Comp. Stat. 115/9, prohibits employers from making deductions from employees' wages.

34. HDL violated the IWPCA, 820 Ill. Comp. Stat. 115/9, by making unlawful deductions from Plaintiffs' and the proposed class members' wages.

35. Plaintiffs and the proposed class members seek reimbursement for all unlawful deductions taken by HDL from their wages.

## COUNT II
## ILLINOIS WAGE PAYMENT AND COLLECTION ACT - EXPENSES

36. Plaintiffs re-allege and incorporate by reference all previous paragraphs of this Complaint as if fully rewritten herein.

37. At all relevant times, Plaintiffs and the proposed class members were "employees" of HDL as defined by the IWPCA.

38. At all relevant times, HDL was an employer of Plaintiffs and the proposed class as defined by the IWPCA.

39. HDL violated Section 115/9.5 of the IWPCA by failing to reimburse Plaintiffs and other class members who worked for it since January 1, 2019 for expenditures they incurred related to services performed for HDL from January 1, 2019 to the present.

40. Plaintiffs and the proposed class members seek reimbursement for all unlawful expenses they were forced to incur as part of their work for Defendants.

## PRAYER FOR RELIEF

Plaintiffs respectfully request that this Court grant the following relief:

A. Certification of this action as a class action under Rule 23(b)(1), 23(b)(2) and 23(b)(3);

B. Appointing Plaintiffs Jhonny Vera and Ricardo Bautista as class representatives and their counsel as Class Counsel;

C. An order enjoining HDL from violating the IWPCA;

D. All unpaid wages;

E. Restitution for all deductions taken from Plaintiffs' and class members' wages;

F. Restitution for all HDL's operating expenses that Plaintiffs and class members were forced to bear;

G. An award to Plaintiffs and the Rule 23 class of damages, statutory damages and penalties pursuant to the formula set forth in 820 Ill. Comp. Stat.115/14(a);

H. Pre-and post-judgment interest;

I. Attorneys' fees and costs, pursuant to the IWPCA; and

J. Any other relief as this Court deems just and proper.

8

<div style="display: flex; justify-content: space-between;">

Dated: September 28, 2023

Respectfully Submitted,

</div>

JHONNY VERA and RICARDO BAUTISTA, individually and on behalf of all others similarly situated,

*Plaintiffs*,

By their attorneys,

/s/ Bradley Manewith

Bradley Manewith, IARDC # 6280535
Lichten & Liss-Riordan, P.C.
5 Revere Dr., Suite 200
Northbrook, IL 60062
Tel. (617) 994-5800
Fax (617) 994-5801
bmanewith@llrlaw.com


Harold L. Lichten (*pro hac vice anticipated*)
Olena Savytska (*pro hac vice anticipated*)
Lichten & Liss-Riordan, P.C.
729 Boylston Street, Ste. 2000
Boston, MA 02116
Tel. (617) 994-5800
Fax (617) 994-5801
hlichten@llrlaw.com
osavytska@llrlaw.com